United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ALBERTO CAMACHO MACUALO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-1678 |
| | § | |
| WARDEN, RIO GRANDE DETENTION CENTER | § | |
| | § | |
| | § | |

## ORDER

Before the Court is The United States of America's Motion to Intervene. (Dkt. No. 8).

On September 22, 2026, Petitioner, proceeding *pro se*, filed his Petition for Writ of Habeas Corpus. (Dkt. No. 1). On September 23, 2026, Respondent, Warden of the Rio Grande Detention Center, was ordered to file a response to the Petition by September 29, 2026. (Dkt. No. 5). On September 24, 2026, the United States of America ("United States") filed this present motion, seeking to intervene as an interested party as the Warden of the Rio Grande Detention Center is a private contractor and the United States cannot respond to the Petition on the Warden's behalf. (Dkt. No. 8 at 1–2).

Pursuant to Federal Rule of Civil Procedure 24(a)(2), "on timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

ability to protect its interest[.]" Fed. R. Civ. P. 24(a)(2). A movant must meet the following requirements to intervene under Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Edwards v. City of Hou.*, 78 F.3d 983, 999 (5th Cir. 1996) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). "Federal Courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

In determining the timeliness of a motion to intervene, courts weigh four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely filed.

*Sierra Club*, 18 F.3d at 1205 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977)). However, timeliness has no absolute measure and "is to be determined from all the circumstances." *Edwards*, 78 F.3d at 1000 (quoting *Corley v. Jackson Police Dep't*, 755 F.2d 1207, 1209 (5th Cir. 1985)).

Here, the Court finds that the United States timely filed its motion to intervene. The United States filed its motion within a reasonable time after becoming aware its interest in this case. Additionally, the Court finds that no party would be prejudiced by the United States' intervention. Further, the Court finds that the United States has a direct interest in the underlying Petition in this matter as it has an interest in Petitioner's detention. Thus, the Court finds that there is a risk that this litigation may impair the United States' interest, and that no present party will adequately protect its interest.

Accordingly, the Court **GRANTS** the United States of America's Motion to Intervene. (Dkt. No. 8). The Clerk of Court is **DIRECTED** to mail a copy of this Order via certified mail to Pro Se Petitioner at Rio Grande Detention Center, 1001 San Rio Blvd., Laredo, Texas 78046.

IT IS SO **ORDERED**.

**SIGNED** on the 25th day of September, 2026.

Christopher dos Santos
United States Magistrate Judge